```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VIVIENNE CULWICK, as Administratrix of the Estate   :
of STEVEN ELIOT WOOD,                               :
                                                    :
                            Plaintiff,              :     REPORT &
                                                    :     RECOMMENDATION
        -against-                                   :     15-CV-5868 (ENV) (SMG)
                                                    :
ANDRAE E. WOOD a/k/a ANDRAE E. KIPIN,               :
                                                    :
                            Defendant.              :
                                                    :
-----------------------------------------------------------------x
```

GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

Plaintiff Vivienne Culwick, as administratrix of the Estate of Steven Eliot Wood ("Steven Wood" or "Steven"), brings this action against defendant Andrae E. Wood a/k/a Andrae E. Kipin ("Andrae Wood" or "Andrae"), seeking to recover funds that were distributed to Andrae from Steven's annuity fund account and pension plan. Compl., Dkt. 1; Second Am. Compl., Dkt. 67. Plaintiff now seeks a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure preventing Andrae from liquidating the funds in dispute, which she holds in a particular retirement account.

The facts underlying this dispute are recited at length in a Memorandum and Order issued by Senior United States District Judge Eric N. Vitaliano on May 18, 2019, ruling on the parties' cross-motions for summary judgment. Mem. & Order dated May 18, 2019 (filed June 4, 2019), Dkt. 99. Accordingly, only those facts relevant to the pending motion are set forth below.

## FACTS & PROCEDURAL HISTORY

Steven Wood and defendant Andrae Wood were married in 1984 and divorced in 2006

after Steven became romantically involved with plaintiff Vivienne Culwick. *Id*. at 1–2. During the marriage, Steven named Andrae as the primary beneficiary of an annuity fund and pension he acquired as a union member and named his father as the contingent beneficiary. *Id.* at 2. In connection with their divorce, Steven and Andrae executed a property settlement agreement providing that Steven would retain all rights to his pension and annuity and requiring Andrae to waive any rights to those benefits. *Id.* at 2. Steven, however, never filed new forms with his union removing Andrae as the primary beneficiary of his annuity and pension benefits. *Id.* at 3.

In December 2012, Steven Wood died suddenly and without a will. *Id.* In February 2013, Andrae was contacted by a representative from the annuity fund and pension plan advising her that she was designated as the primary beneficiary of Steven's funds. *Id.* Andrae completed the forms required to transfer the benefits to her name and began receiving Steven's annuity and pension benefits in March 2013. *Id.*

Steven's father and the Estate also submitted claims, but these were denied due to Andrae's designation as the primary beneficiary. *Id.* The Estate sent several letters to Andrae demanding that she return the benefits, but Andrae declined. *Id.* This litigation followed.

The parties have held settlement discussions throughout the case. Plaintiff learned during settlement discussions held in 2016 that Andrae had transferred the funds she received to a Charles Schwab & Company retirement account in her own name. Pl.'s Mem. of Law in Reply at 2, Dkt. 44. The parties then executed a stipulation styled as a preliminary injunction providing that Andrae would not take any distributions, make any withdrawals, or transfer any funds from the retirement account from June 28, 2016 up to and including September 30, 2016, during which time the parties would continue their efforts to reach a settlement. Stip. dated June 28, 2016, Dkt. 17; Order dated July 6, 2016. In September 2016, the parties executed a second

stipulated preliminary injunction extending their agreement up to and including October 31, 2016. Undated Stip., Dkt. 26; Order dated Sept. 28, 2016.

Settlement discussions subsequently broke down, and the parties were unable to agree upon a preliminary injunction that would remain in effect until the case was resolved. Pl.'s Letter Mot., Dkt. 29. Plaintiff thereafter moved for a preliminary injunction, *id.*, which Andrae opposed, Def.'s Mem. of Law in Opp., Dkt. 32. Judge Vitaliano referred the motion to me for a report and recommendation, Order dated Oct. 31, 2016, Dkt. 30, and ordered that "the existing preliminary injunction . . . be continued in full force and effect during the pendency of plaintiff's . . . motion." Order dated Nov. 8, 2016.[1]

Following further briefing, *see* Pl.'s Reply Letter, Dkt. 33; Def.'s Suppl. Mem. of Law in Opp., Dkt. 49; Pl.'s Suppl. Mem. of Law in Reply, Dkt. 54, this Court held a hearing on January 24, 2017 and reserved decision, Tr. of Mot. Hrg. dated Jan. 24, 2017 ("Tr."), Dkt. 63. During this hearing, I expressed the tentative view, based upon the holding in *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999), that plaintiff was entitled to a preliminary injunction restraining the retirement account pending adjudication of her conversion claim because plaintiff was seeking an equitable interest in the particular annuity funds that were taken from Steven's account. Tr. at 27:18–20; 28:25–29:17. I also suggested that plaintiff was likely *not* entitled to a preliminary injunction based upon her breach of contract claim because "a federal court lacks the power . . . to issue injunctions freezing a defendant's assets to ensure their availability for a future judgment of money damages." Tr. at 25:25–26:3 (quoting *R.B. Dev., Co., Ltd. v. Tutis Capital LLC*, 2012 WL 2357318, at *3 (E.D.N.Y. June 20, 2012)); *see also* Tr.

---

[1] In December 2016, the parties agreed, pursuant to a so-ordered stipulation, that Andrae be permitted to transfer the funds in the retirement account to a new account in order to avoid a taxable event in 2016. So-Ordered Stip. dated Dec. 7, 2016, Dkt. 41.

at 30:4–13.  After the hearing, Andrae sought additional time to discuss settlement, Def.'s Letter dated Jan. 27, 2017, Dkt. 61, and that application was granted by the Court, Order dated Jan. 30, 2017.

In February 2017, Steven's father assigned to plaintiff any claims he may have had against Andrae in connection with Steven's pension or annuity.  Assignment, Dkt. 120-1.[2]  Then, after further settlement discussions proved unsuccessful, the parties cross-moved for summary judgment.  Def.'s Mot. for Summ. J., Dkt. 94; Pl.'s Mot. for Summ. J., Dkt. 95.  On May 18, 2019, Judge Vitaliano awarded summary judgment to plaintiff on her breach of contract claim, as well as on each of Andrae's counterclaims, and awarded summary judgment to Andrae on plaintiff's remaining claims for conversion, unjust enrichment, and declaratory judgment.  Mem. & Order dated May 18, 2019 (filed June 4, 2019), Dkt. 99.[3]  More specifically, Judge Vitaliano concluded that Andrae "violated the terms of the property settlement agreement" she entered into in connection with her divorce from Steven.  *Id.* at 26.  Judge Vitaliano then referred to me (1) the issue of whether plaintiff was entitled to attorneys' fees and, if so, in what amount, and (2) the issue of contract damages, if Andrae agreed to waive her previous demand for a jury trial.  *Id.* at 28.  Andrae subsequently advised the Court that she would not waive her right to a jury trial.  Accordingly, these aspects of the case remain pending and are not further discussed in this Report.

On December 6, 2019, Andrae submitted a letter to the Court asking for a decision on plaintiff's long-dormant motion for a preliminary injunction.  Def.'s Letter dated Dec. 6, 2019,

---

[2]  Steven's father passed away on March 23, 2017.  Def.'s Letter Mot. to Adjourn Conf., Dkt. 80.

[3]  Andrae moved for reconsideration of the Court's May 18, 2019 Order.  Def.'s Mot. for Reconsideration, Dkt. 100. Plaintiff opposed.  Pl.'s Mem. of Law in Opp. to Mot. for Reconsideration, Dkt. 103.  The Court granted the motion only to the extent that, upon reconsideration and upon the submissions of the parties, as now supplemented, the Court adhered to its original determination.  Mem. & Order dated July 31, 2019, Dkt. 105.

4

Dkt. 111.  On January 23, 2020, a telephone conference was held to, among other things, resolve a discovery issue and to address Andrae's December 6 letter.  Min. Entry dated Jan. 23, 2020, Dkt. 117.  During the conference, after noting that plaintiff's conversion claim had been dismissed and only her breach of contract claim remains pending, I expressed a preliminary view that the relief plaintiff seeks in her motion "is not available under *Grupo Mexicano*" for a breach of contract claim.  Tr. of Jan. 23, 2020 Conf. at 6:15–23, Dkt. 119.  I then provided the parties an opportunity to submit supplemental briefs in response to the issues raised during the conference.  Min. Entry dated Jan. 23, 2020.  Plaintiff filed a supplemental memorandum of law on February 3, 2020, Pl.'s Mem. of Law in Further Supp. of Mot. for Prelim. Inj. ("Pl.'s Feb. 3 Mem. of Law"), Dkt. 120, and Andrae filed her opposition on February 10, 2020, Def.'s Second Suppl. Mem. of Law in Further Opp. to Pl.'s Mot. for Prelim. Inj. ("Def.'s Feb. 10 Mem of Law"), Dkt. 122.  Having considered these recent filings, and taking into account the current posture of the case, I respectfully recommend that plaintiff's motion for a preliminary injunction be denied.

## DISCUSSION

To obtain a preliminary injunction, the moving party must establish: (1) a likelihood of irreparable harm absent preliminary relief; (2) a likelihood of success on the merits or a serious question going to the merits, with the balance of equities tipping decidedly in favor of the moving party; and (3) that the public interest is served by an injunction.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Metro. Taxicab Bd. Of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010).[4]  A preliminary injunction is "an extraordinary remedy that may

---

[4] That plaintiff has been awarded summary judgment on her breach of contract claim does not alter the analysis. "The relief sought here is a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.  This is not an application for postjudgment relief—although partial summary judgment has been rendered in favor of [p]laintiff, no judgment has been entered." *Shamrock Power Sales, LLC v. Scherer*, 2016 WL 6102370, at *2 (S.D.N.Y. Oct. 18, 2016).

5

only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter,* 555 U.S. at 22.  Before addressing whether plaintiff has made the necessary showing for entitlement to a preliminary injunction here, though, the Court must consider whether a preliminary injunction may properly be issued in this action when the only cause of action remaining is one for breach of contract.  *See, e.g., Shamrock Power Sales, LLC v. Scherer*, WL 6102370, at *4 (S.D.N.Y. Oct. 18, 2016) ("[T]he Court will examine each count in turn to determine whether the count seeks equitable relief[.]").

## I. The Court does not have power to grant the equitable relief requested.

As noted above, the only claim remaining in this action is plaintiff's claim for breach of the property settlement agreement.  *Grupo Mexicano* teaches that "[a] District Court ha[s] no authority to issue a preliminary injunction preventing [a defendant] from disposing of [her] assets pending adjudication of [the plaintiff's] contract claim for money damages."  527 U.S. at 333*; see also Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 130–31 (2d Cir. 2014); *Dong v. Miller*, 2018 WL 1445573, at *7 (E.D.N.Y. Mar. 23, 2018) (holding that *Grupo Mexicano* "makes clear that courts may not enter preliminary injunctions solely to preserve assets to satisfy a party's essentially legal claims for money damages").  "*Grupo Mexicano* does not, however, preclude courts from entering asset-freezing preliminary injunctions in cases in which the movant seeks equitable relief."  *Dong*, 2018 WL 1445573, at *7; *see also New Falls Corp. v. Soni Holdings, LLC*, 2019 WL 4015170, at *10 (E.D.N.Y. July 5, 2019), *report and recommendation adopted*, 2019 WL 3712127 (E.D.N.Y. Aug. 7, 2019).  To assert an equitable claim beyond the limitations on preliminary injunctions imposed in *Grupo Mexicano*, a plaintiff must "demonstrate an equitable interest in *particular property*."  *R.B. Dev., Co., Ltd.*, 2012 WL 2357318, at *3.

6

Plaintiff contends that the rule of *Grupo Mexicano* does not preclude issuance of a preliminary injunction here because, "[p]ursuant to New Jersey law, contracts between a husband and wife are void at law and are recognized as valid in equity if they are just and fair[.]" Pl.'s Feb. 3 Mem. of Law at 4 (citing *Wolff v. Wolff*, 134 N.J. Eq. 8, 16 (Ch. 1943)). In opposition, Andrae asserts that "the fact that contracts between husbands and wives are enforceable only in equity pursuant to New Jersey law does not mean that [p]laintiff possesses an equitable interest in the presently restrained funds." Def.'s Feb. 10 Mem. of Law at 1 (internal quotation marks, alterations, and citation omitted).

Plaintiff's argument that, under New Jersey law,[5] contracts between a husband and wife are void at law and enforceable only in equity is untenable. Under New Jersey law, a property settlement agreement entered in a matrimonial action and "resolving the parties' distribution of assets 'is no less a contract than an agreement to resolve a business dispute.'" *Irving v. Irving*, 2016 WL 6833064, at *6 (N.J. Super. Ct. App. Div. Nov. 21, 2016) (quoting *Quinn v. Quinn*, 225 N.J. 34, 45 (2016))*; see also Holtham v. Lucas*, 460 N.J. Super. 308, 319 (N.J. Super. Ct. App. Div. 2019). As defendant points out, the distinction between settlement agreements in matrimonial matters and other types of contracts is that New Jersey law "grants particular leniency" to such settlement agreements in matrimonial matters and "vests judges greater discretion when interpreting such agreements." *Quinn*, 225 N.J. at 45–46 (internal quotation marks and citations omitted)*; see also Holtham*, 460 N.J. Super. at 319 (noting that the "interpretation, application, and enforceability of divorce agreements are not governed solely by contract law" but are also "infused with equitable considerations" (internal quotation marks and citations omitted)); *Irving*, 2016 WL 6833064, at *6 (holding that "[w]hen a dispute arises as to

---

[5] The parties agree that the property settlement agreement is governed by New Jersey law.

7

the application of a marital settlement agreement, a family court may apply basic principles of equity to resolve any existing ambiguities arising from the absence of clarifying language").

This case does not involve the equitable concerns that might be brought before a family court, and New Jersey law does not convert a claim for *money damages* for breach of contract, which is legal in nature, into a claim governed by principles of equity. Nor is this action the "mixed case" involving requests for both monetary and equitable relief as it was when I first heard the argument on plaintiff's preliminary injunction motion. Now, in the wake of Judge Vitaliano's decision on the parties' cross-motions for summary judgment, plaintiff's only remaining claim is for money damages for breach of contract, and money damages "are, of course, the classic form of *legal* relief." *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (internal quotation marks and citation omitted). This Court is therefore not empowered to grant the preliminary injunctive relief plaintiff seeks.

## II.     Plaintiff has failed to show irreparable harm.

Even if *Grupo Mexicano* did not prevent the Court from issuing a preliminary injunction in this case, I would nevertheless recommend that plaintiff's motion be denied because plaintiff has failed to establish a likelihood of irreparable harm absent issuance of a preliminary injunction.[6] "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (internal quotation marks and citations omitted). "To establish irreparable harm, [a] plaintiff[] must demonstrate an injury that is neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d

---

[6] Because I conclude that preliminary injunctive relief is precluded both by the holding in *Grupo Mexicano* and because plaintiff fails to show irreparable harm, I do not consider whether plaintiff has satisfied the remaining criteria for obtaining a preliminary injunction.

8

Cir. 1989) (internal quotation marks and citations omitted).  Of particular significance here, "[m]onetary loss alone will generally not amount to irreparable harm." *Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 934 F.2d 30, 34 (2d Cir. 1991)*; see also Int'l Dairy Foods Ass'n v. Amestoy*, 92 F.3d 67, 71 (2d Cir. 1996); *Home It, Inc. v. Wupin Wen*, 2019 WL 7168370, at *2 (E.D.N.Y. Dec. 23, 2019).  Thus, "[w]here money damages are adequate compensation[,] a preliminary injunction should not issue." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990).  "When a plaintiff fears that a defendant's actions might frustrate an anticipated money judgment, its remedies lie in the state prejudgment remedies available through Federal Rule of Civil Procedure 64, not a preliminary injunction." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 390 (S.D.N.Y. 2003).

In short, because plaintiff's only remaining cause of action is one for money damages arising from a breach of contract, "an adequate remedy at law exists, and no irreparable injury may be found to justify specific relief." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004).  Accordingly, even if *Grupo Mexicano* did not preclude the issuance of a preliminary injunction, I would recommend that plaintiff's motion be denied for failure to establish irreparable harm if the injunction did not issue.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for a preliminary injunction be denied.

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before April 28, 2020.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely

9

objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).

                                              /s/
                                        Steven M. Gold
                                        United States Magistrate Judge

Brooklyn, New York
April 14, 2020

U:\#JAV 2019-2020\Culwick v. Wood 15-CV-5868\Third Mot. for Prelim. Inj. Final RR.docx