UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VIVIENNE CULWICK as Administratrix
of the Estate of STEVEN ELIOT WOOD,

                         Plaintiff,

         -against-

ANDRAE E. WOOD, a/k/a ANDRAE E.
KIPIN,

                         Defendant.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
15 CV 5868 (ENV) (CLP)

**POLLAK**, United States Magistrate Judge:

        On August 19, 2020, plaintiff Vivienne Culwick as Administratrix of the Estate of Steven Eliot Wood submitted a motion for summary judgment on the issue of damages, interest, and attorney's fees after the district court awarded her summary judgment on her breach of contract claim. (ECF No. 133). On December 29, 2020, the district court referred the motion for summary judgment on the issue of damages to Magistrate Judge Steven M. Gold for a report and recommendation. On January 7, 2021, this case was reassigned from Judge Gold to the undersigned.

        On September 9, 2021, this Court issued a Report and Recommendation on the motion for summary judgment, recommending that the plaintiff be awarded $908,994.37 in contract damages, accumulated interest on the decedent's annuity benefit, attorney's fees, and costs. (R&R[1]). This figure, however, did not include an award of prejudgment interest on the pension benefit award. (Id. at 2). As explained in the Report and Recommendation, although this Court held that an award of prejudgment interest was appropriate to make the plaintiff whole, "the

---

[1] Citations to "R&R" refer to the Report and Recommendation, filed on September 9, 2021, on plaintiff's motion for summary judgment to set damages and plaintiff's application for attorney's fees. (ECF No. 134).

1

Court [was] unable to replicate the calculations of plaintiff's accountant, and there [were] several issues that require[d] further explanation . . . [; thus,] it [was] . . . respectfully recommended that plaintiff's request for prejudgment interest on the pension benefit award be denied at this time without prejudice." (Id. at 10, 21).

On October 12, 2022, the Honorable Eric N. Vitaliano, United States District Judge, adopted this Court's Report and Recommendation in its entirety. (Order on R&R[2]). Pursuant to that Order, plaintiff was given 21 days from the entry of that Order on the docket, to cure the deficiencies in her submissions for prejudgment interest on the pension benefit payments. (Id. at 9–10). On November 3, 2022, plaintiff submitted the affidavit of Steven Delsanto, a certified public accountant, to explain plaintiff's methodology in calculating the prejudgment interest. (Delsanto Aff.[3]) Thereafter, on January 10, 2023, the motion was referred to the undersigned for a report and recommendation on the issue regarding prejudgment interest on the pension award.

DISCUSSION

I.  The Court's Prior Findings

As set out in the Court's prior Report and Recommendation, defendant Andrae Wood was married to decedent Steven Wood in 1984. (R&R at 2). In 1996, decedent became involved with plaintiff Vivienne Culwick and he and defendant Wood divorced in April 2006. (Id.) As part of the divorce, decedent and defendant Wood executed a Property Settlement Agreement in which defendant Wood agreed to waive any claim she would have in the decedent's pensions and annuities. (Id.) Nonetheless, after Steven Wood died without a will in December 2012, a representative from his annuity and pension plan contacted defendant Wood who was still listed

---

[2] Citations to "Order on R&R" refer to the district court's Order, dated October 12, 2022 and filed on October 28, 2022, adopting the R&R in its entirety. (ECF No. 138).
[3] Citations to "Delsanto Aff." refer to the Affidavit of Steven Delsanto filed on November 3, 2022, dated October 19, 2021. (ECF No. 139).

2

on the plan as the primary beneficiary and defendant Wood then completed forms to transfer the benefits to her name. (Id.) Defendant Wood collected pension benefits from April 1, 2013 until March 1, 2017. (Id. at 13). In addition to the regular monthly pension funds, defendant Wood also collected a bonus payment from the pension fund each December for the years 2013 through 2016. (Id. at 20). The Court found that plaintiff was entitled to receive a total of $103,319.43 from defendant as reimbursement of the pension benefits during the relevant time period. (Id. at 8).

With respect to the prejudgment interest owed to plaintiff, the Court found that New Jersey law controlled the calculation of prejudgment interest. (Id. at 9). According to New Jersey Court Rule 4:42-11(a) and (b), prejudgment interest on an unpaid money judgment should be calculated as "simple interest." (Id. at 10). As a matter of equity, the Court found that the interest schedule outlined in New Jersey Court Rule 4:42-11 should be used in assessing interest on the pension benefit payments. (Id. at 17). The Court also found, over defendant's objection, that the additional 2% interest rate set out in New Jersey Court Rule 4:42-11(a)(iii) should apply because the total unpaid pension benefits judgment was over $15,000. (Id. at 18–19). Based on that interest schedule, the relevant interest rates are:[4]

| Year | Cash Management Fund Rate | With 2% Adjustment |
|------|---------------------------|--------------------|
| 2013 | .25 | 2.25 |
| 2014 | .25 | 2.25 |
| 2015 | .25 | 2.25 |
| 2016 | .25 | 2.25 |

---

[4] These rates are reflected in Delsanto's calculations (Delsanto Aff., Ex. A), and confirmed by the rates referenced in New Jersey Court Rule 4:42-11 and posted by the New Jersey State Treasury Division of Investment. See NJ Treasury, Cash Management Fund Rate of Return, Division of Investment, https://nj.gov/treasury/doinvest/cash3.shtml (last visited May 8, 2023).

| 2017 | .5 | 2.5 |
| 2018 | .5 | 2.5 |
| 2019 | 1.5 | 3.5 |
| 2020 | 2.5 | 4.5 |

    II.    <u>The New Affidavit</u>

In his new affidavit, submitted on November 3, 2022, public accountant Steven Delsanto set out his prejudgment interest calculations on the pension award amount, acknowledging that his previous interest calculation submissions contained an error and that the presentation of the interest on the bonus payments "was not clear as to methodology." (Delsanto Aff. ¶ 2). Delsanto attached as Exhibit A to his Affidavit the recalculations of prejudgment interest on the pension award including: 1) interest on the pension payments from April 1, 2013 through March 31, 2017; 2) interest on the bonus payments in December 2013, 2014, 2015 and 2016; and 3) interest on the balance from April 1, 2017 through July 31, 2020. (Id. ¶ 3).

Delsanto explains that he calculated the interest on pension payments from April 1, 2013 through March 31, 2017 using a simple interest calculation based on the pension and bonus payments as of the payment date. (Id. ¶ 4). In Exhibit A, Column A reflects the "opening balance" from the previous month subject to interest in the current month. In April 2013, the opening balance is zero because it was the initial month for payment. (Id. ¶ 6(a)). Delsanto explains that he calculated simple interest (as noted in the "simple interest column") on the balance subject to interest (Column C)[5] based on the annual interest rate for the number of days

---

[5] Delsanto explains that "'Column C – balance subject to interest' is the sum of columns A [opening balance] and B [the monthly pension or bonus payment] for each month except for December 2013, 2014, 2015 and 2016 when a bonus payment is due. Interest for the bonus payment is calculated separately . . . ." (Delsanto Aff. ¶ 8).

4

in the month in question (i.e., "days in period column").  (Id. ¶ 9).

With respect to interest on the bonus payments, Delsanto treated these payments as separate payments and calculated simple interest on the December bonus payments from the date of payment through the end of the month.  (Id. ¶¶ 8, 10; see also ¶ 6(b) (explaining there is no "opening balance" value for bonus payments)).  He also explains that the "opening balance" values in the months of January include both values subject to interest in December:  1) the cumulative balance value subject to interest as of the December regular monthly pension payment, and 2) the December bonus payment.  (Id. ¶ 6(c)).

With respect to the interest owed from April 1, 2017 through July 31, 2020, Delsanto calculated the simple annual interest owed based on the cumulative balance subject to interest and the annual interest rate for the number of days in the year in question,

Delsanto calculates the total simple interest for the pension benefit payments as of July 31, 2020 to be $15,823.98.[6]  (Id. ¶ 11).

### III. The Court's Recommendations

In his new Affidavit, Delsanto thoroughly explains his methodology.  Based on his explanation, the Court has been able to replicate his calculations.  In Mr. Delsanto's calculations, he neglected to account for the leap year in 2016 and 2020.  (See Delsanto Aff. ¶ 3 (explaining "[i]nterest is calculated on the simple interest method using a 365-day year where February has 28 days")).  Had he considered that the leap year added one day in 2016 and one day in 2020, his calculations would have reflected the following:  1) in February 2016, the "days in the period" should be 29, not 28; and 2) in 2016 and 2020, calculating the interest rate to be applied to each monthly pension payment and bonus payment should be done based on a year with 366 not 365

---

[6] In his second affidavit submitted to the Court, public accountant Steven Delsanto calculated the interest on the pension benefits as $14,185.76.  (ECF No. 133-34).

days.  In light of these discrepancies, the Court calculates the total simple interest owed for the pension benefit payments to be $15,828.77.  However, because the plaintiff is only seeking the lesser amount, the Court respectfully recommends that plaintiff be awarded $15,823.98.

## CONCLUSION

Accordingly, the Court respectfully recommends plaintiff be awarded $15,823.98 in prejudgment interest on the pension benefit award.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "'failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision'") (quoting Small v. Secretary of Health & Hum. Servs., 892 F.2d 15, 16 (2d Cir. 1989)).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

Dated: Brooklyn, New York
       May 13, 2023

                                            /s/ Cheryl L. Pollak
                                            Cheryl L. Pollak
                                            United States Magistrate Judge
                                            Eastern District of New York